# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, ) ) ) | |
| Plaintiffs, ) ) | NO: 1:19-cv-7486 |
| v. ) ) | **JURY DEMAND** |
| UNITED STATES OF AMERICA, by and through its agents and employees, and ADVOCATE HEALTH AND HOSPITALS CORPORATION, an Illinois Corporation, by and through its authorized agents and employees, ) ) ) ) ) ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiff, ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, by and through their attorneys, McNABOLA & ASSOCIATES, LLC, complaining of the defendants, UNITED STATES OF AMERICA, by and through its agents and employees, and ADVOCATE HEALTH AND HOSPITALS CORPORATION, an Illinois Corporation, by and through its authorized agents and employees, states as follows:

## INTRODUCTION
*Parties, Jurisdiction and Venue*

1. Plaintiff, ZECHARIAH COURTNEY, a minor, is a resident of the City of Chicago, County of Cook, State of Illinois.

2. The defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL (hereinafter "ADVOCATE"), is a corporation organized and existing pursuant to the laws of the State of Illinois with its principle place of

business at 3075 Highland Parkway, Village of Downers Grove, County of DuPage, State of Illinois.

3. The defendant, UNITED STATES OF AMERICA, is amenable to suit pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C. §§1346(b)(1), 2671-80.

4. Pursuant to 28 U.S.C. §1402(b), this Court has exclusive subject matter jurisdiction over the UNITED STATES OF AMERICA.

5. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over ADVOCATE by virtue of the fact the claims against ADVOCATE are so related to the claims against the UNITED STATES OF AMERICA and are part of the same transaction or occurrence.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§1391(d), 1402(b)(1).

7. On January 28, 2019, in conformity with 28 U.S.C. §2675, Plaintiff, ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, submitted written notice to the Department of Health and Human Services, Office of the General Counsel, General Law Division – Claims Office, setting forth Plaintiff's claim for damages in the amount of forty-five million dollars ($45,000,000.00). On May 28, 2019, Plaintiff was notified that their claim had been denied. Therefore, all administrative remedies have been exhausted.

*Allegations Common to all Counts*

8. On August 21, 2017, and at all times material, Chicago Family Health Center, Inc., was a corporation organized and existing pursuant to the laws of the State of Illinois, that operated as a federally-qualified health center, as defined by 42 U.S.C. §1396d (l)(2)(B).

9. On and before August 21, 2017, and at all times material, Chicago Family Health Center, Inc., employed various physicians, nurses, technicians and/or other healthcare

professionals comprising a single, organized medical staff within its medical facility located at 9119 South Exchange Avenue, City of Chicago, State of Illinois.

10. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D. was a physician licensed to practice her profession in the State of Illinois, who held herself out to members of the general public, including the plaintiff, as having specialized training and expertise in obstetrics and gynecology.

11. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the actual agent of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

12. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the apparent agent of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

13. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the employee of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

14. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the actual agent of the UNITED STATES OF AMERICA relative to the care and treatment of the Plaintiff.

15. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the apparent agent of the UNITED STATES OF AMERICA relative to the care and treatment of the Plaintiff.

16. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the employee of the UNITED STATES OF AMERICA relative to the care and treatment of the Plaintiff.

17. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D. was a physician licensed to practice her profession in the State of Illinois, who held herself out to members of the general public, including the plaintiff, as having specialized training and expertise in obstetrics and gynecology.

18. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D., acted as the actual agent of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

19. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D., acted as the apparent agent of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

20. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D., acted as the employee of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

21. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D., acted as the actual agent of the UNITED STATES OF AMERICA relative to the care and treatment of the Plaintiff.

22. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D., acted as the apparent agent of the UNITED STATES OF AMERICA relative to the care and treatment of the Plaintiff.

23. On August 21, 2017, and at all times material, MAJORIE MICHEL, M.D., acted as the employee of the UNITED STATES OF AMERICA relative to the care and treatment of the Plaintiff.

24. On and before August 24, 2017, and at all times material, Hayedeh Sohrabi, NP, was a nurse practitioner, licensed to practice her profession in the State of Illinois.

25. On and before August 24, 2017, and at all times material, Hayedeh Sohrabi, NP, acted as the actual agent of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

26. On and before August 24, 2017, and at all times material, Hayedeh Sohrabi, NP, acted as the apparent agent of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

27. On and before August 24, 2017, and at all times material, Hayedeh Sohrabi, NP, acted as the employee of Chicago Family Health Center, Inc. relative to the care and treatment of the Plaintiff.

28. On and after August 21, 2017, and at all times material, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL (hereinafter "ADVOCATE"), was a corporation organized and existing pursuant to the laws of the State of Illinois.

29. On and after August 21, 2017, and at all times material, ADVOCATE, employed various physicians, nurses, technicians and/or other healthcare professionals comprising a single, organized medical staff within its medical facility located at 2320 East 93rd Street, City of Chicago, State of Illinois.

30. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the actual agent of ADVOCATE relative to the care and treatment of the Plaintiff.

31. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the apparent agent of ADVOCATE relative to the care and treatment of the Plaintiff.

32. On August 21, 2017, and at all times material, MARIE-TERESA COLBERT, M.D., acted as the employee of ADVOCATE relative to the care and treatment of the Plaintiff.

33. On August 24, 2017, and at all times material, MARJORIE MICHEL, M.D., acted as the actual agent of ADVOCATE relative to the care and treatment of the Plaintiff.

34. On August 24, 2017, and at all times material, MARJORIE MICHEL, M.D., acted as the apparent agent of ADVOCATE relative to the care and treatment of the Plaintiff.

35. On August 24, 2017, and at all times material, MARJORIE MICHEL, M.D., acted as the employee of ADVOCATE relative to the care and treatment of the Plaintiff.

36. On August 24, 2017, and at all times material, Cherice Moore, RN, was a registered nurse, licensed to practice her profession in the State of Illinois.

37. On August 24, 2017, and at all times material, Cherice Moore, RN, acted as the actual agent of ADVOCATE relative to the care and treatment of the Plaintiff.

38. On August 24, 2017, and at all times material, Cherice Moore, RN, acted as the apparent agent of ADVOCATE relative to the care and treatment of the Plaintiff.

39. On August 24, 2017, and at all times material, Cherice Moore, RN, acted as the employee of ADVOCATE relative to the care and treatment of the Plaintiff.

40. On August 24, 2017, and at all times material, Arielle Janee Wiley, RN, was a registered nurse, licensed to practice her profession in the State of Illinois.

41. On August 24, 2017, and at all times material, Arielle Janee Wiley, RN, acted as the actual agent of ADVOCATE relative to the care and treatment of the Plaintiff.

42. On August 24, 2017, and at all times material, Arielle Janee Wiley, RN, acted as the apparent agent of ADVOCATE relative to the care and treatment of the Plaintiff.

43. On August 24, 2017, and at all times material, Arielle Janee Wiley, RN, acted as the employee of ADVOCATE relative to the care and treatment of the Plaintiff.

44. On August 24, 2017, and at all times material, Ena Nicole Harris, RN, was a registered nurse, licensed to practice her profession in the State of Illinois.

45. On August 24, 2017, and at all times material, Ena Nicole Harris, RN, acted as the actual agent of ADVOCATE relative to the care and treatment of the Plaintiff.

46. On August 24, 2017, and at all times material, Ena Nicole Harris, RN, acted as the apparent agent of ADVOCATE relative to the care and treatment of the Plaintiff.

47. On August 24, 2017, and at all times material, Ena Nicole Harris, RN, acted as the employee of ADVOCATE relative to the care and treatment of the Plaintiff.

48. On August 24, 2017, and at all times material, Amber Tiara Dorbin, RN, was a registered nurse, licensed to practice her profession in the State of Illinois.

49. On August 24, 2017, and at all times material, Amber Tiara Dorbin, RN, acted as the actual agent of ADVOCATE relative to the care and treatment of the Plaintiff.

50. On August 24, 2017, and at all times material, Amber Tiara Dorbin, RN, acted as the apparent agent of ADVOCATE relative to the care and treatment of the Plaintiff.

51. On August 24, 2017, and at all times material, Amber Tiara Dorbin, RN, acted as the employee of ADVOCATE relative to the care and treatment of the Plaintiff.

52. On and before August 17, 2017, and at all times material, ARKITA COURTNEY was a receiving prenatal care from Chicago Family Health Center, Inc.

53. On August 17, 2017, ARKITA COURTNEY presented to Hayedeh Sohrabi, NP and Chicago Family Health Center, Inc. for a prenatal evaluation.

54. During that above prenatal visit, ARKITA COURTNEY was noted to be 1 centimeter dilated, 50% effaced with a -3 station.

55. On August 17, 2017, ARKITA COURTNEY was referred to MARIE-TERESA COLBERT, M.D. for induction of labor on August 21, 2017.

56. On August 21, 2017, ARIKTA COURTNEY presented to MARIE-TERESA COLBERT, M.D. at ADVOCATE for planned induction of labor.

57. On August 21, 2017, fetal monitor tracing revealed reassuring Category I tracings with normal baseline heart rate, moderate variability, qualifying fetal heart rate accelerations and no fetal heart rate decelerations.

58. On August 21, 2017, a Group B Streptococcus swab was obtained which came back positive.

59. On August 21, 2017, MARIE-TERESA COLBERT, M.D. recommended delaying induction of labor until August 28, 2017.

60. Based upon the advice of MARIE-TERESA COLBERT, M.D., ARKITA COURTNEY agreed to delay induction of labor until August 28, 2017.

61. On August 21, 2017, ARKITA COURTNEY was discharged from ADVOCATE in stable condition.

62. On August 24, 2017, ARKITA COURTNEY presented to ADVOCATE with complaints of leaking fluid since approximately 09:30 and increasingly strong contractions.

63. At 11:33, Cherice Moore, RN, performed a physical examination of ARKITA COURTNEY.

64. During the above physical examination, Cherice Moore, RN, did not take the temperature of ARKITA COURTNEY.

65. During the above physical examination, Cherice Moore, RN, did not document the temperature of ARKITA COURTNEY.

66. On August 24, 2017, MARIE-TERESA COLBERT, M.D. diagnosed ARKITA COURTNEY with ruptured membranes.

67. On August 24, 2017, at 11:36 fetal monitoring was initiated.

68. At 11:42, the fetal monitor tracing strips revealed a 4-minute prolonged deceleration of 70 beats per minute.

69. At 13:00, the fetal monitor tracing strips revealed a normal baseline fetal heart rate of 130 beats per minute and moderate variability with early recurring decelerations and the absence of qualifying heart rate accelerations.

70. At 14:46, MARIE-TERESA COLBERT, M.D. ordered Pitocin to be administered to ARKITA COURTNEY.

71. On or about 17:43, MARIE-TERESA COLBERT, M.D., performed a physical examination that revealed ARKITA COURTNEY was 2 centimeters dilated, 90% effaced with a -2 station.

72. At 18:57, MARIE-TERESA COLBERT, M.D. performed a bedside examination. During this examination, ARKITA COURTNEY had an abnormal blood pressure reading of 79/49.

73. At 19:17, ARKITA COURTNEY was 3-4 centimeters dilated, 90% effaced and a -1 station with mild caput.

74. At 19:21, ARTIKA COURTNEY had an abnormal blood pressure reading of 88/58.

75. Beginning at 20:00, the fetal monitor tracing strips began to deteriorate with the development of tachycardia due to a heart rate above 165 beats per minute with minimal variability and the absence of qualifying accelerations.

76. At 20:10, Ena Nicole Harris, RN, noted ARKITA COURTNEY to be tachysystolic.

77. At 20:10, the administration of Pitocin was discontinued.

78. At 21:36, Ena Nicole Harris, RN, informed MARIE-TERESA COLBERT, M.D. of ARKITA COURTNEY'S fetal monitor tracing and informed her that she had become tachysystolic.

79. At 22:00, the fetal monitor tracing strips revealed the previously abnormal fetal heart rate increased to 175 beats per minute with minimal variability and the absence of accelerations.

80. At 22:00, the fetal monitor strips were non-reassuring.

81. At 22:00, ARKITA COURTNEY consented to undergoing a repeat cesarean section.

82. At 22:30, MARIE-TERESA COLBERT, M.D., performed a bedside examination of ARKITA COURTNEY.

83. At 22:30, the fetal monitor tracing strips revealed the previously abnormal fetal heart rate increased to 180 beats per minute with minimal variability, recurrent late decelerations and the absence of accelerations.

84. At 22:30, the fetal monitor tracing strips were non-reassuring.

85. At approximately 23:00, MARIE-TERESA COLBERT, M.D., informed MARJORIE MICHEL, M.D., that she was unable to perform a cesarean section on ARKITA COURTNEY.

86. At approximately 23:00, MARIE-TERESA COLBERT, M.D., requested that MARJORIE MICHEL, M.D. perform the cesarean section on ARKITA COURTNEY.

87. At approximately 23:00, MARIE-TERESA COLBERT, M.D., conveyed to MARJORIE MICHEL, M.D., that there was a sense of urgency and time was of the essence in performing the cesarean section.

88. At 23:00, the fetal monitor tracing strips revealed an abnormal fetal heart rate of 180 beats per minute with minimal variability, recurrent late decelerations and the absence of accelerations.

89. At 23:00, the fetal monitor tracing strips were non-reassuring.

90. At 23:30, the fetal monitor tracing strips revealed the previously abnormal fetal heart rate increased to 185 beats per minute with minimal variability, recurrent late decelerations and the absence of accelerations.

91. At 23:30, the fetal monitor tracing strips were non-reassuring.

92. At 23:35, fetal monitoring was discontinued.

93. The fetal monitor tracing strips were non-reassuring when fetal monitoring was discontinued.

94. Between 11:36 and 23:35, there were no qualifying fetal heart rate accelerations.

95. At 23:45, ARKITA COURTNEY was in the operating room at ADVOCATE.

96. At 23:45, MARJORIE MICHEL, M.D., was in the operating room at ADVOCATE.

97. At 23:50, ARKITA COURTNEY had an abnormal heart rate of 161 beats per minute and an abnormal blood pressure of 90/51.

98. Between 23:45 and 00:17, MARJORIE MICHEL, M.D. did not perform a cesarean section on ARKITA COURTNEY.

99. On August 25, 2017, at 00:17, MARIE-TERESA COLBERT, M.D., made the first incision.

100. On August 25, 2017, at 00:20, ZECHARIAH COURTNEY, a minor, was born.

101. ZECHARIAH COURTNEY, a minor, had APGAR Scores of 3, 5 and 8 at 1, 5 and 10 minutes respectively.

102. On August 25, 2017, and at all times material, ZECHARIAH COURTNEY suffered hypoxic ischemic encephalopathy resulting in a permanent brain injury.

## **COUNT I**
*Medical Negligence v. United States of America*

1-102. The Plaintiff reasserts and realleges paragraphs one (1) through one-hundred and two (102) of this Complaint as paragraphs one (1) through one-hundred and two (102) of Count I.

103. On and after August 21, 2017, the defendant, the UNITED STATES OF AMERICA, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., had a duty to exercise reasonable care in connection with its care and treatment of ARKITA COURTNEY and ZECHARIAH COURTNEY, a minor.

104. On and after August 21, 2017, the defendant, the UNITED STATES OF AMERICA, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., was negligent in one or more of the following respects:

      a.       Failed to inquire about ARKITA COURTNEY'S temperature in light of ruptured membranes and Group B Streptococcus-positive status;
      b.       Failed to properly communicate with nursing staff regarding the patient's status and fetal monitoring;
      c.       Failed to timely review fetal monitor tracing strips;
      d.       Failed to recognize non-reassuring tracings; and
      e.       Failed to timely perform cesarean section.

105. As a proximate result of one or more of the above negligent acts and/or omissions by the defendant, the UNITED STATES OF AMERICA, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, suffered damages of a personal and pecuniary nature including but not limited to hypoxic ischemic encephalopathy resulting in a permanent brain injury.

106. The plaintiff, ARKITA COURTNEY, is the duly appointed Guardian of the Estate of ZECHARIAH COURTNEY, a disabled minor, by virtue of an Order entered in the Circuit Court of Cook County, Probate Division, and she brings this action pursuant to the authority of said appointment.

107. Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical report from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, demands judgment against the defendant, the UNITED STATES OF AMERICA, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., in the amount of FORTY-FIVE MILLION DOLLARS AND 00/100 ($45,000,000.00).

## COUNT II
### *Medical Negligence v. Advocate Health and Hospitals Corporation*

1-102. The Plaintiff reasserts and realleges paragraphs one (1) through one-hundred and two (102) of this Complaint as paragraphs one (1) through one-hundred and two (102) of Count II.

103. On and after August 21, 2017, the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., and MARJORIE MICHEL, M.D., had a duty to exercise reasonable care in connection with its care and treatment of ARKITA COURTNEY and ZECHARIAH COURTNEY, a minor.

104. On and after August 21, 2017, the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D. and MARJORIE MICHEL, M.D., was negligent in one or more of the following respects:

    a. Failed to inquire about ARKITA COURTNEY'S temperature in light of ruptured membranes and Group B Streptococcus-positive status;
    b. Failed to properly communicate with nursing staff regarding the patient's status and fetal monitoring;
    c. Failed to timely review fetal monitor tracing strips;
    d. Failed to recognize non-reassuring tracings; and
    e. Failed to timely perform cesarean section.

105. As a proximate result of one or more of the above negligent acts and/or omissions by the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D. and MARJORIE MICHEL, M.D., ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, suffered damages of a personal and pecuniary nature including but not limited to hypoxic ischemic encephalopathy resulting in a permanent brain injury.

106. On and after August 21, 2017, the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to Arielle Janee Wiley, RN, Ena Nicole

Harris, RN, and Amber Tiara Dorbin, RN, had a duty to exercise reasonable care in connection with its care and treatment of ARKITA COURTNEY and ZECHARIAH COURTNEY, a minor.

107. On and after August 21, 2017, the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to Arielle Janee Wiley, RN, Ena Nicole Harris, RN, and Amber Tiara Dorbin, RN, was negligent in one or more of the following respects:

    a. Failed to take an appropriate history;
    b. Failed to perform an appropriate initial examination;
    c. Failed to properly chart patient's condition;
    d. Failed to properly communicate with attending physician;
    e. Failed to monitor fetal heart tones;
    f. Failed to promptly administer intrapartum antibiotics; and
    g. Failed to continue monitoring fetal heart rate.

108. As a proximate result of one or more of the above negligent acts and/or omissions by the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to Arielle Janee Wiley, RN, Ena Nicole Harris, RN, and Amber Tiara Dorbin, RN, ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, suffered damages of a personal and pecuniary nature including but not limited to hypoxic ischemic encephalopathy resulting in a permanent brain injury.

109. The plaintiff, ARKITA COURTNEY, is the duly appointed Guardian of the Estate of ZECHARIAH COURTNEY, a disabled minor, by virtue of an Order entered in the Circuit Court of Cook County, Probate Division, and she brings this action pursuant to the authority of said appointment.

110. Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical report from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, ARKITA COURTNEY, as Guardian of the Estate of

ZECHARIAH COURTNEY, a minor, demands judgment against the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., MARJORIE MICHEL, M.D., Arielle Janee Wiley, RN, Ena Nicole Harris, RN, and Amber Tiara Dorbin, RN, in the amount of FORTY-FIVE MILLION DOLLARS AND 00/100 ($45,000,000.00).

## COUNT III
*Family Expense Act v. United States of America*

1-107. Plaintiff reasserts and realleges paragraphs one (1) through one-hundred and seven (107) of Count I as paragraphs one (1) through one-hundred and seven (107) of Count III.

108. At all times relevant, ARKITA COURTNEY was the Parent and Legal Guardian of ZECHARIAH COURTNEY, a minor.

109. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the above named Defendant, the UNITED STATES OF AMERICA, ARKITA COURTNEY, as the Parent and Next Friend of ZECHARIAH COURTNEY, a minor, has incurred and will continue to incur certain necessary medical expenses and costs for medical care and treatment rendered to ZECHARIAH COURTNEY, a minor, as a result of his injuries.

110. ARIKITA COURTNEY, has assigned to ZECHARIAH COURTNEY, a minor, her claim under the Illinois Family Expense Act (750 ILCS 65/15) for past and future necessary medical expenses and costs for medical care and treatment rendered to ZECHARIAH COURTNEY, a minor.

WHEREFORE, the plaintiff, ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, demands judgment against the defendant, the UNITED STATES OF AMERICA, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., in the amount of FORTY-FIVE MILLION

DOLLARS AND 00/100 ($45,000,000.00).

## COUNT IV
*Family Expense Act v. Advocate Health and Hospitals Corporation*

1-110. Plaintiff reasserts and realleges paragraphs one (1) through one-hundred and ten (110) of Count II as paragraphs one (1) through one-hundred and ten (110) of Count IV.

111. At all times relevant, ARKITA COURTNEY was the Parent and Legal Guardian of ZECHARIAH COURTNEY, a minor.

112. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the above named Defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., MARJORIE MICHEL, M.D., Arielle Janee Wiley, RN, Ena Nicole Harris, RN, and Amber Tiara Dorbin, RN, ARKITA COURTNEY, as the Parent and Next Friend of ZECHARIAH COURTNEY, a minor, has incurred and will continue to incur certain necessary medical expenses and costs for medical care and treatment rendered to ZECHARIAH COURTNEY, a minor, as a result of his injuries.

113. ARIKITA COURTNEY, has assigned to ZECHARIAH COURTNEY, a minor, her claim under the Illinois Family Expense Act (750 ILCS 65/15) for past and future necessary medical expenses and costs for medical care and treatment rendered to ZECHARIAH COURTNEY, a minor.

WHEREFORE, the plaintiff, ARKITA COURTNEY, as Guardian of the Estate of ZECHARIAH COURTNEY, a minor, demands judgment against the defendant, ADVOCATE, by and through its authorized agents and employees, including but not limited to MARIE-TERESA COLBERT, M.D., MARJORIE MICHEL, M.D., Arielle Janee Wiley, RN, Ena Nicole Harris, RN, and Amber Tiara Dorbin, RN, in the amount of FORTY-FIVE MILLION DOLLARS AND 00/100 ($45,000,000.00).

Respectfully submitted,

*/s/ Edward W. McNabola*

_____
Attorney for Plaintiffs

Edward W. McNabola, Esq., #6211511
Thomas R. Trench, Esq., #6324766
**McNABOLA & ASSOCIATES, LLC**
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 888-7000
ted@injuryillinois.com